Douglas F. Young, J.
This is a motion to suppress evidence on the ground that the evidence seized from the defendant was the product of an illegal search.
The defendant originally indicated that he did not intend to contest the validity of the seizure of the evidence. Subsequently, at a time when the case was called for trial, the defendant moved for a hearing on the ground that there was a question of law as to whether the search was legal because the arrest was made by a Nassau County policeman outside the County of Nassau. In the interest of justice and over the strenuous objection of the District Attorney, the court granted a hearing on this question. At the hearing the defendant extended the inquiry into the area of probable cause for the arrest and the reasonableness of the search based on the arrest.
The arresting officer, Patrolman G-iordano, and the complainant, a youth aged 13, testified. No witnesses were called by the defense.
The court finds that on January 2, 1965, Patrolman G-iordano received a police call instructing him to go to a certain intersection in Inwood. At a service station at that location he was met by the complainant who stated that he had been robbed and *892 had been the subject of a sexual assault and that these acts had been committed by a male, whom he described. Accompanied by the complainant, his father, and a probationary patrolman, the officer went to the scene of the alleged attack and there inquired of the owner of a used car business at that location whether he had seen a person answering the description given by the complainant. The owner of the business stated that he had seen such a person a few minutes earlier walking towards Far Rockaway. The time was about 6 o’clock and darkness had fallen. The officer and companions drove toward Far Rockaway and about a quarter of a mile from the area where the incident allegedly occurred saw a man who they thought fitted the description given. The complainant made a positive identification of the defendant who was then standing in front of a laundromat in Far Rockaway. A goodly number of passers-by were moving about in the vicinity. The officer arrested the defendant. He searched the defendant on the sidewalk and found nothing. The defendant was placed in the police automobile and on the way to the police headquarters the officer asked the-defendant if he had a knife. The officer patted the defendant’s clothing and while engaged in doing this the defendant himself withdrew the knife from a shirt pocket. This knife is one of the subjects of this motion.
When the defendant was brought to the station house he was searched again in the waiting room by Patrolman Giordano. The complainant was present during this search. The search produced a set of keys, some change, and a wallet containing bills and some personal items. Among the change were several quarters. The keys thus produced and one of the quarters found in the defendant’s pocket are also subjects of this motion. At the station house the complainant identified the keys as being property which had been taken from him by the defendant at the time of the alleged robbery and assault. One quarter was also claimed by the complainant to have been taken from him by the defendant at that time.
I find that the arrest was legal as there was adequate probable cause. This was provided by the information given to the officer by the complainant as to the details of the crime, plus a positive identification of the defendant by the complainant prior to the arrest. Accordingly, the search in the police vehicle which produced the knife was valid. (Agnello v. United States, 269 U. S. 20.)
The search at the station house is also valid unless it be found that it was not substantially contemporaneous with the arrest. A strict and technical rule on this point has sometimes been *893 invoked in the past resulting in decisions holding that a search of the person at police headquarters as soon as practicable after an arrest on the street is not valid. It seems unreasonable and unrealistic that the policeman who makes an arrest on the street be required to conduct an instantaneous and complete examination of a defendant on a public street or forego the right to search. Aside from the embarrassment to the defendant, there is the danger of the commencement of a demonstration by onlookers and a possible attack on the policeman in an effort to free the captive. Therefore, on grounds of policy it should be held that the search at the police station in this case was substantially contemporaneous and is valid. (People v. Brady, 16 N Y 2d 186; Beck v. Ohio, 379 U. S. 89.)
The principal point urged by defendant in his memorandum is the fact that the alleged crime was committed in Nassau County but the arrest by the Nassau County police officer was effected in Queens County, a separate jurisdiction. Defendant maintains that a police officer has no authority outside the limits of his jurisdiction to make an arrest. Hence if the arrest is illegal no valid search and seizure may be based upon it. The defendant’s counsel has offered no authority which directly states that a police officer’s powers are limited to the local subdivision by which he is appointed and employed. He argues plausibly that if this were not the rule it would hardly be necessary for the Legislature to enact a law like section 182-a of the Code of Criminal Procedure which empowers a peace officer to make a continuous close pursuit and to effect arrest outside his jurisdiction following such pursuit. There is an opinion of the Attorney-General which indicates that the authority of a peace officer is local in scope. (1922 Atty. Gen. 149.)
Suppose, however, that the circumstances are such as to justify a valid arrest by a private person. Certainly the private person’s right to arrest is not limited by the boundaries of any subdivision of the State but must be considered to be State-wide. It would seem anomalous if a private person could make a valid arrest under such circumstances but a peace officer or police officer could not. The defendant argues that this seeming anomaly can be justified by considerations of public policy which call for strict limitation on the power of the police. However, it is not necessary in this case to decide that specific issue. Patrolman Giordano was and is a member of the Nassau County Police Department. Section 8-21.0 of the Nassau County Administrative Code (L. 1939, ch. 272, as amd.) provides as follows: “ a. The members of the police force shall possess all *894 the powers of constables, except in the service of civil process, in every part of the state.” Constables are peace officers (Code Crim. Pro., § 154). Peace officers have the power of arrest under section 177 of the Code of Criminal Procedure, and thus if the peace officer is a member of the Nassau County Police Department his power to arrest is State-wide pursuant to the above quoted section of the Nassau County Administrative Code.
I find that the arrest was valid and the search which followed was reasonable and valid and accordingly the motion to suppress the evidence obtained as the result of the search of the defendant is denied.
The foregoing constitutes the findings of fact and the conclusions of law in this case.
It is therefore ordered that the motion be in all respects denied.